The document below is hereby signed.

Signed: May 29, 2020



/s/ S. Martin Teel, Jr.
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JASPREET KAUR ATTARIWALA, | ) | Case No. 19-00828 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DISMISSING OBJECTION TO CLAIM OF BALBIR AND SUDERSHAN SAINI

BioConvergence, LLC d/b/a Singota Solutions ("Singota"), a creditor in this case, has filed an *Objection to Claim of Balbir and Sudershan Saini*. The debtor scheduled a general unsecured claim in the amount of $47,000.00 owed to Balbir and Sudershan Saini ("Claimants") as not disputed, contingent, or unliquidated. Under Fed. R. Bankr. P. 3003(b)(1), if the debtor in a Chapter 9 or 11 case schedules a claim without listing it as disputed, contingent, or unliquidated, it is unnecessary for the creditor to file a proof of claim. Singota asserts that the Claimants were not required to file a proof of claim, citing Rule 3003(b)(1). However, Rule 3003(a) makes Rule 3003 applicable only in Chapter 9 and 11 cases. With no proof of claim having been filed, there is not currently a claim asserted in this case

by the Claimants. It would not be appropriate to adjudicate the validity or amount of the claim at this juncture when the Claimants' claim has not yet been asserted as a claim in this case and might never be asserted as a claim in the case. It is thus

ORDERED that the *Objection to Claim of Balbir and Sudershan Saini* is dismissed without adjudicating the merits of the same and without prejudice to renewal of the objection if a proof of claim is filed regarding the claim or the case is converted to Chapter 11 wherein Rule 3003(b)(1) might come into play.

[Signed and dated above.]

Copies to: E-recipients of orders.