The order below is hereby signed.

Signed: August 26 2020



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JASPREET KAUR ATTARIWALA, | ) | Case No. 19-00828 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE DEBTOR'S OBJECTION TO
CLAIM NO. 7 FILED BY BIOCONVERGENCE LLC d/b/a SINGOTA SOLUTIONS

The debtor has filed an objection (Dkt. No. 67) to the proof of claim filed by Bioconvergence LLC d/b/a Singota Solutions ("Singota") asserting, in summary: "The Claim is speculative and wholly unliquidated.  It should be entirely disallowed." However:

> (1) The proof of claim asserts that Singota is owed liquidated amounts asserted in a civil action begun in Monroe Circuit Court, Indiana State Court, in Cause No. 53C01-1902-PL-000480, and removed to the United States District Court for the Southern District of Indiana where it is pending as *BioConvergence LLC d/b/a Singota Solutions v. Jaspreet Attariwala*, No. 1:19-cv-01745-SEB-TAB (S.D. Ind.), to wit, (i) attorneys' fees in the amount of $359,258.05,

(ii) litigation expenses other than expert fees in that litigation in the amount of $7,374.08, and (iii) litigation expenses for the work Rebecca Green (an expert in the litigation) completed prior to the entry of the State Court's March 18, 2019 order in the amount of $19,161.50. Nevertheless, it appears that these claims have not yet been adjudicated. The debtor remains free to defend against these claims in the civil action, and pending the outcome of that civil action and the adjudication of the debtor's defenses, the Chapter 13 trustee ought not treat these claims as allowed claims.

(2) In any event, I need not decide whether the claims are in fact of a liquidated nature. As to any of Singota's claims that *are* of an unliquidated nature, being unliquidated is not a valid basis for disallowing a claim: a creditor is not barred from asserting an unliquidated claim and is permitted to seek an adjudication liquidating the claim so that the claim may share in distributions in the case.

(3) This court has entered an order (Dkt. No. 88) granting Singota relief from the automatic stay to pursue all of its damage claims against the debtor in the pending civil action in the Southern District of Indiana, and that litigation will result in an adjudication of Singota's

      claims, including a liquidation of Singota's unliquidated claims.

      (4) The debtor does not elaborate on her conclusory assertion that Singota's claims are speculative, and, in any event, Singota is entitled to attempt in the Southern District of Indiana to rebut any assertion that its claims are speculative by demonstrating that they are concrete claims worthy of an award of damages.

I will overrule the objection to the claim without prejudice to the debtor's asserting any valid defenses to Singota's claims, whether of a liquidated or unliquidated nature.  For example, with respect to claims of Singota's claims for attorney's fees the debtor will be entitled to raise any defense as to the reasonableness of the attorney's fees.  The debtor asserts that Singota has not provided proof documenting its claims for attorney's fees.  If that is an objection to the reasonableness of the fees, the issue of reasonableness ought to be decided in the civil action pending in the Southern District of Indiana.  In the meantime, the Chapter trustee ought not treat Singota's claims as allowed claims until a monetary judgment is entered in the civil action.  The debtor ought not be required to assert her defenses in the civil action as an objection to claim in order that the claim is deemed not allowed pending resolution of the defenses to the claim.  The debtor is proposing a plan under

3

which general unsecured claims would receive a pro rata distribution. The percentage distribution each creditor should receive will not be ascertainable until the amount of Singota's claim is adjudicated.

As another example, the debtor can defend against particular damage claims theory by showing, in a non-conclusory fashion, that the claims are of a nature that they are too speculative to be a basis for damages: the problem with the instant objection to Singota's claim on the basis of speculativeness is that it asserts only a conclusory allegation that the claims are speculative.

The presumption is that Singota's claims ought to be adjudicated in the Southern District of Indiana civil action where they are already being litigated. That litigation should lead to a judgment fixing the amount of damages, and that will end any dispute regarding speculativeness and regarding the claims being unliquidated. It is thus

ORDERED that the debtor's objection (Dkt. No. 67) to the proof of claim filed by Singota is overruled without prejudice to the debtor defending against Singota's claims on grounds other than the defense that the claims are unliquidated and the defense based on a merely conclusory allegation that the claims are speculative (but not barring a defense articulating in non-conclusory terms that a particular assertion of damages is on a

basis too speculative to permit an award of damages). It is further

ORDERED that unless otherwise ordered, until Singota's claims for monetary damages (and the debtor's defenses thereto) are adjudicated in the civil action pending in the Southern District of Indiana, the Chapter 13 trustee shall defer making distribution on claims other than distributions on (1) allowed administrative claims and (2) commissions that becomes due and owing to the Chapter 13 trustee.

[Signed and dated above.]

Copies to: E-recipients of orders.