The document below is hereby signed.

Signed: March 10, 2020



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
JASPREET KAUR ATTARIWALA,      )   Case No. 19-00828
                               )   (Chapter 13)
            Debtor.            )   Not for publication in
                               )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER DENYING
DEBTOR'S MOTION TO CONFIRM APPLICATION OF AUTOMATIC STAY

The debtor's *Motion to Confirm Application of Automatic Stay* seeks the entry of an order declaring that "in conformity with 28 U.S.C. § 157(b)(2)(G), this Court shall be the sole arbiter of the application of the automatic stay, as to all matters." Although the bankruptcy court has exclusive jurisdiction to grant relief from the automatic stay, it is well established that the bankruptcy court does not have exclusive jurisdiction to determine whether the automatic stay applies. The *Motion* does not seek a ruling regarding a different issue of whether the bankruptcy court may disregard an erroneous determination by

another court regarding whether the automatic stay applies.[1]  It would be premature to address such an issue when the debtor does not point to an erroneous ruling made by another court regarding the automatic stay being inapplicable and has not sought relief from the bankruptcy court premised on the automatic stay having been applicable.  It is thus

    ORDERED that the debtor's *Motion to Confirm Application of Automatic Stay* is DENIED.

                                                         [Signed and dated above.]

Copies to: E-recipients of orders.

---

[1] *See In re Carpenter*, Case No. 10-00572, 2010 WL 2640604, at *3 (Bankr. D.D.C. June 29, 2010) (noting that when the issue of the automatic stay's applicability has been litigated in a state court and that court has entered a judgment based on an erroneous determination that the automatic stay is inapplicable, the *Rooker–Feldman* doctrine does not bar the bankruptcy court from determining that the state court's judgment violates the automatic stay and is thus void).