**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: ) | |
| ) | |
| JASPREET ATTARIWALA, ) | Case No.:  19-00828-ELG |
| ) | |
| Debtor. ) | Chapter 13 |
| ) | |
| ) | |
| NEWREZ LLC d/b/a SHELLPOINT ) | |
| MORTGAGE SERVICING, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| JASPREET KAUR ATTARIWALA, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**LIMITED OBJECTION OF BIOCONVERGENCE LLC**
**D/B/A SINGOTA SOLUTIONS TO MOTION FOR RELIEF FROM AUTOMATIC STAY**
**(REAL PROPERTY LOCATED AT 1390 KENYON ST NE, WASHINGTON, DC 20010)**

BioConvergence LLC d/b/a Singota Solutions ("Singota"), a creditor and party-in-interest

herein, by its undersigned counsel, files this limited objection (the "Limited Objection") to the

*Motion for Relief from Automatic Stay (Real Property Located at 1390 Kenyon St., NE,*

*Washington, DC 10010)* [Docket No. 305] (the "Motion"), filed by Newrez LLC d/b/a Shellpoint

Mortgage Servicing ("Newrez") and, in support thereof, respectfully states as follows:

1.     Jaspreet Kaur Attariwala (the "Debtor"), the above-captioned debtor, filed a

voluntary petition under Chapter 13 of the Bankruptcy Code on December 17, 2019. By Order

dated February 3, 2023, the Court confirmed the Debtor's Chapter 13 plan over Singota's objection.[1]

2.      On March 26, 2024, the United States District Court for the Southern District of Indiana entered an Injunction and Final Judgment in the litigation styled as *Bioconvergence LLC d/b/a Singota Solutions v. Jaspreet Attariwala* Case No. 1:19-cv-01745-SEB-MG. Pursuant to that Order, Singota was awarded a judgment against the Debtor in the amount of $1,209,512.93. Singota believes that this judgment will be determined to be non-dischargeable in the Debtor's bankruptcy case.

3.      Newrez is the lender holding the mortgage loan on the Debtor's residence located at 1390 Kenyon St NE Washington DC (the "Property"). On March 18, 2024, Newrez filed the Motion, seeking relief from the automatic stay to, among other things, enforce its remedies to foreclose upon and obtain possession of the Property.[2] In the Motion, Newrez alleges that the Debtor has failed to make the required monthly mortgage payments for the months of January, February, and March 2024.

4.      Newrez asserts that the minimum amount owed by the Debtor under the Note, as of March 14, 2024, totals $393,138.85. The Motion also asserts, based on the Debtor's Schedules, that the estimated market value of the Property is $550,000.00. Accordingly, there could be substantial equity in the Property that might yield funds to pay creditors in this case.

5.      Singota does not object to the entry of an order granting relief from stay to permit Newrez to pursue its rights under the Note and Deed of Trust should it be determined that the Debtor is indeed delinquent in monthly payments and that cause exists to grant Newrez's Motion.

---

[1]    Singota's appeal of this Court's Order confirming the Chapter 13 plan is pending before the U.S. District Court for the District of Columbia.

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

-2-

However, in the event that Newrez is permitted to foreclose on the Property, all excess proceeds from the sale above the amounts necessary to satisfy the Newrez loan should not be paid to the Debtor but should be paid to the Chapter 13 Trustee herein for payment to the Debtor's creditors.

6.      Such proceeds did not exist at the time of confirmation of the Debtor's Chapter 13 plan and, rather than providing a windfall to the Debtor, these proceeds should be paid to creditors herein.

## **RESERVATION OF RIGHTS**

7.      Singota reserves the right to modify or amend this Objection in the event that Singota determines that additional facts and circumstances are at issue. In addition, Singota reserves all rights with respect to the Debtor, including the right to seek relief from this Court to (i) dismiss or covert the Debtor's chapter 13 case to a case under chapter 7, and (ii) seek to amend the Debtor's chapter 13 plan to account for the distribution of any excess proceeds resulting from the sale of Property to the Debtor's creditors. Nothing herein shall be considered a waiver or release of any rights, claims, or defenses that Singota has against anyone, including, but not limited to, the Debtor.

*[remainder of page intentionally left blank]*

-3-

Date:  April 3, 2024

Respectfully submitted,

WHITEFORD, TAYLOR & PRESTON L.L.P.

*/s/ Brent C. Strickland*
Brent C. Strickland, Bar No. 192344
Stephen B. Gerald, Bar No. DE0004
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Telephone: (301) 804-3618
Email: bstrickland@whitefordlaw.com
          sgerald@whitefordlaw.com

-and-

Christopher C. Murray, Bar No. IN0007
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, Indiana 46204
Telephone: (317) 916-1300
Facsimile: (317) 916-9076
Email: christopher.murray@ogletree.com

*Attorneys for BioConvergence LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3, 2024, I caused the foregoing to be served by the Court's ecf system on all parties requesting service thereby.

*/s/ Brent C. Strickland*
Brent C. Strickland